

**FILED**
**FEB 14 2018**
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 18-37 |
| ALEKSANDRAS PANOVAS | **[UNDER SEAL]** |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Charles A. Eberle, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Computer Fraud Conspiracy<br>November 2015 – November 30, 2016 | 18 U.S.C. § 1030(b) |
| 2 | Bank Fraud Conspiracy<br>November 2015 – November 30, 2016 | 18 U.S.C. § 1349 |
| 3 | Conspiracy to Commit Money Laundering<br>November 2015 – November 30, 2016 | 18 U.S.C. § 1956(h) |

## II. ELEMENTS OF THE OFFENSES

A.  As to Count 1:

In order for the crime of computer fraud conspiracy, in violation of 18 U.S.C. § 1030(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

  1. That the defendant conspired and agreed with another person to commit computer fraud.

  2. That the defendant was a party to or member of that agreement.

  3. That the defendant joined the agreement or conspiracy knowing of its objective to commit computer fraud and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

B.  As to Count 2:

In order for the crime of bank fraud conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

  1. That the conspiracy, agreement, or understanding to commit violations of bank fraud (18 U.S.C. § 1344), as described in the Indictment, was formed, reached, or entered into by two or more persons.

  2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

O'Malley, Grenig and Lee, 2 Federal <u>Jury Practice and Instructions</u> § 31.03 (2002) (revised to exclude overt act

requirement, see <u>Whitfield v. United States</u>, 125 S.Ct. 687, 691 (2005); <u>United States v. Shabani</u>, 513 U.S. 10, 16 (1994)).

C.    **As to Count 3:**

In order for the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

<u>United States v. Navarro</u>, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2.    That the defendant knew the purpose of the conspiracy.

<u>United States v. Navarro</u>, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3.    That the defendant deliberately joined the conspiracy.

<u>United States v. Navarro</u>, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); <u>Whitfield v. United States</u>, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

### III. **PENALTIES**

A.    **As to Count 1: Computer fraud conspiracy (18 U.S.C. § 1030(b):**

1.    <u>Individuals</u> - The maximum penalties for individuals are:

(a)    imprisonment of not more than 5 years (18 U.S.C. § 1030(c)(2)(B));

   (b) a fine not more than the greater of;

     (1) $250,000 (18 U.S.C. § 3571(b)(3));

     <u>or</u>

     (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   (c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   (d) Any or all of the above.

 **B.** **As to Count 2: Bank fraud conspiracy (18 U.S.C. § 1349):**

  1. Imprisonment of not more than thirty (30) years as prescribed for the offense of bank fraud, which was the object of the conspiracy (18 U.S.C. §§ 1344 and 1349);

  2. A fine not more than the greater of;

   (a) $1,000,000 (18 U.S.C. § 1344);

   <u>or</u>

   (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

  3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583);

  4. Any or all of the above.

      **C.    As to Count 3: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

      1.    A term of imprisonment of not more than twenty (20) years;

      2.    A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

      3.    If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One, Two and Three, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

 

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Charles A. Eberle*
CHARLES A. EBERLE
Assistant U.S. Attorney
PA ID No. 80782